```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
I.T. INTERNATIONAL TELECOM MARINE SRL,                         :
                                                               :
                           Petitioner,                         :
                                                               :      24-cv-9590 (LJL)
        -v-                                                    :
                                                               :      MEMORANDUM AND
GIGNET, INC., FB SUBMARINE PARTNERS LLC,                       :      ORDER
                                                               :
                           Respondents.                        :
                                                               :
---------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Petitioner I.T. International Telecom Marine SRL ("Petitioner" or "IT") petitions to confirm a New York arbitral award issued on November 22, 2024, in Petitioner's favor (the "Award") against Respondents Gignet, Inc. ("Gignet") and FB Submarine Partners LLC ("FB LLC" and with Gignet, "Respondents") in an arbitration before the International Court of Arbitration of the International Chamber of Commerce (the "ICC"). Dkt. No. 1. The petition is unopposed. The petition is granted.

## BACKGROUND

The following facts are undisputed and are taken from the petition and the declaration submitted in support of the petition.

Petitioner was and is a foreign business entity organized and existing under the laws of Barbados. Dkt. No. 1 ¶ 2. It is engaged in the business, among other things, of preparing submarine cable route surveys for companies which install fiber optic cable systems. Dkt. No. 6-2 ¶ 16. Gignet is a Delaware corporation with an office and place of business in Lake Bluff, Illinois. Dkt. No. 1 ¶ 3. It is a digital infrastructure company which provides fiber-optic, wireless, and Wi-Fi broadband network solutions to enterprise and residential customers,

primarily through its operating subsidiaries in Mexico. Dkt. No. 6-2 ¶ 17. FB LLC is a Delaware corporation and a subsidiary of Gignet. Dkt. No. 1 ¶ 4; Dkt. No. 6-2 ¶ 18b.

Petitioner and Respondents are parties to a December 20, 2019 Cable Route Survey Contract for the performance by Petitioner of a marine survey in Mexico and the United States (the "Contract"). *Id.* ¶ 9. Petitioner and FB LLC are signatories to the original Contract. Dkt. No. 6-1 cl. 1. By a letter agreement dated February 4, 2021, FB LLC agreed, and Petitioner consented, that FB LLC, including its affiliates, would be "responsible for all payment and obligations" under the Contract. Dkt. No. 6-2 ¶ 3. Gignet is an affiliate of FB LLC. *Id.* ¶ 129. The Contract provides that if the parties are not able amicably to resolve disputes between them, the settlement of disputes will be resolved by arbitration:

> 23.1  The Contractor and the Client shall endeavor to settle any differences of opinion that may arise during the performance of the Contract in an amicable matter [sic] without delay.
>
> 23.2  A Party claiming that a dispute has arisen under this Contract shall give notice to the other Party, and each Party shall identify a representative with authority to resolve the dispute within five (5) days of deemed receipt of such notice (such fifth day hereinafter called the "Dispute Date"). The representatives shall then endeavor to resolve the dispute within fourteen (14) days of the Dispute Date. In the event that the Parties are unable to resolve the dispute within said fourteen (14) day period, either Party may initiate arbitration proceedings pursuant to the International Chamber of Commerce arbitration rules. The venue for the arbitration shall be New York City, United States of America.

Dkt. No. 6-1 cl. 23.1–23.2 (the "Arbitration Clause").

On April 28, 2023, Petitioner commenced arbitration under the Contract by filing a Request for Arbitration with the ICC, asserting, *inter alia*, breach of contract claims against Respondents. Dkt. No. 1 ¶ 10; Dkt. No. 6-2 ¶ 75. Petitioner claimed that it had performed the work it agreed to perform under the Contract, but that it was not paid the full amount due. Dkt. No. 6-2 ¶¶ 2, 106. It sought to recover the principal amount of $1,147,287 that remained unpaid under the contract plus interest, attorney's fees, and the costs of the arbitration. Dkt. No. 1 ¶ 1;

2

Dkt. No. 6-2 ¶¶ 106–07. Gignet answered the Request for Arbitration. Dkt. No. 1 ¶ 10; Dkt. No. 6-2 ¶¶ 6, 9, 78. FB LLC did not answer and, apart from brief periods when it was represented by counsel for Gignet, it did not appear by counsel in the arbitration proceedings. Dkt. No. 1 ¶ 10. FB LLC received notice of the arbitration and developments in the arbitration by copy to its representative, Edward Mooney, the person designated under the Contract to receive notices. *Id.*; Dkt. No. 6-2 ¶¶ 9, 40.

On November 22, 2024, the Arbitrator issued the Award. Dkt. No. 6-2. The arbitrator concluded: (1) he had jurisdiction to decide whether Respondents were bound by the Arbitration Clause and whether the claims of IT and FB LLC could be determined together in the arbitration; (2) Gignet and FB LLC were bound by and were parties to the Contract and the Arbitration Clause; (3) Gignet and FB LLC were liable to Petitioner. *Id.* ¶¶ 5, 155, 201, 204–206, 223–232. Neither Gignet nor FB LLC disputed that Petitioner performed the work required of it under the Contract or that the principal amount was due. Dkt. No. 6-2 ¶¶ 10–11, 110–111. The arbitrator awarded Petitioner the amount of $1,700,815.60 with interest accruing on this amount at the contractual rate of 12% per annum from November 22, 2024, until paid or until the Award was made a judgment of the court, whichever occurred first. Dkt. No. 6-2 ¶¶ 233–239.

Petitioner filed this Petition for confirmation on December 16, 2024. Dkt. No. 1. Petitioner also included a memorandum of law in support of the petition, Dkt. No. 5, and a declaration of counsel which attached the Contract and the Award, Dkt. No. 6. The Petition was served on Respondents on December 19, 2024. Dkt. Nos. 9–10. On January 15, 2025, the Court gave Petitioner leave to submit additional materials in support of the Petition by January 28, 2025, directed Respondents to respond by no later than February 18, 2025, and provided

Petitioner until February 25, 2025, to reply. Dkt. No. 11. Respondents have not opposed the Petition.

**DISCUSSION**

The Second Circuit has instructed that when a party has submitted an uncontested petition to confirm an arbitral award, the court should treat the petition and accompanying materials "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). The court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*" *Id.* (quoting *1-800 Beargram Co.*, 373 F.3d at 244) (emphasis in original).

The burden on the petitioner who seeks to confirm an arbitral award is not onerous. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). The review of an arbitration award is "very limited . . . in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993). Accordingly, a court must confirm an arbitral award falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 21 U.S.T. 2517 ("New York Convention") "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in said Convention." 9 U.S.C. § 207.

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331(a) and 9 U.S.C. § 203.  Although review of domestic awards requires an "independent jurisdictional basis" apart from the Federal Arbitration Act ("FAA"), *see Badgerow v. Walters*, 596 U.S. 1, 8 (2022), confirmation or vacatur of nondomestic or international awards under the New York Convention does not, *see F. Hoffmann-La Roche Ltd. v. Qiagen Gaithersburg, Inc.*, 730 F. Supp. 2d 318, 324 (S.D.N.Y. 2010).  The FAA, which is applicable because the arbitration here was conducted in the United States, *see Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 589 (2d Cir. 2016), expressly provides federal courts with subject matter jurisdiction over an "action or proceeding falling under the [New York] Convention," 9 U.S.C. § 203.  The New York Convention applies to arbitral awards relating to commercial matters where either (1) at least one party is not a citizen of the United States; or (2) all parties are United States citizens but there is some reasonable relationship with one or more foreign states.  9 U.S.C. § 202; *see Dumitru v. Princess Cruise Lines, Ltd.*, 732 F. Supp. 2d 328, 335 (S.D.N.Y. 2010).  The New York Convention applies here as Petitioner is not a citizen of the United States.  In addition, the Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(2) because there is complete diversity between Petitioner, which is a foreign business entity, and Respondents, which are Delaware corporations, and the amount in controversy exceeds $75,000.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a "substantial part of the events . . . giving rise to the claim" occurred in this District.  Specifically, the arbitration took place in New York, New York.  Dkt. No. 1 ¶ 7.

The Court has personal jurisdiction over Respondents because, by consenting to arbitration in New York, they also consented to personal jurisdiction on the action to confirm the award resulting from that arbitration.  *See Doctor's Associates., Inc. v. Stuart*, 85 F.3d 975, 983

(2d Cir. 1996); *Mercer as Tr. of Robert L. Mercer Revocable Tr. v. Erin Stewart LLC*, 2024 WL 4648017, at *5 (S.D.N.Y. Oct. 31, 2024).

Under the New York Convention, "recognition and enforcement of the award may be refused" only if the party against whom the award is invoked "furnishes . . . proof" that: (1) the parties to the arbitration agreement were "under some incapacity" or the agreement "is not valid" under the law designated by the parties, or, in the event they have not designated any, the law of the country where the award was made; (2) "the party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case;" (3) "[t]he award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration," although any "part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced;" (4) "[t]he composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place;" or (5) "[t]he award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made." New York Convention, art. V. Additionally, "[r]ecognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that" "[t]he subject matter of the difference is not capable of settlement by arbitration under the law of that country" or "[t]he recognition or enforcement of the award would be contrary to the public policy of that country." *Id.*; *see Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 2024 WL 1724592, at *17 (S.D.N.Y. Apr. 19, 2024).

> Under the FAA, an arbitral award may be vacated:
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; and
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them so that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

The Court has reviewed the Contract and the Award. None of the bases for refusal to recognize and enforce the Award exist. There is no evidence that any of the parties were under an incapacity or that the arbitration agreement was not valid, or that any of the parties were not given proper notice or were unable to present their case. The dispute and the resulting Award fall within the scope of the agreement. Dkt. No. 6-2 ¶ 222. The arbitral procedure was in accordance with the agreement of the parties and the Award has become binding on the parties. In addition, the subject matter of the dispute was capable of settlement by arbitration under New York law and recognition and enforcement is perfectly consistent with the public policy of New York and the United States. In addition, none of the grounds for vacatur under the FAA exist.

Accordingly, Petitioner is entitled to recognition and enforcement of the Award.

## CONCLUSION

The Petition is granted, and the Award is confirmed. Petitioner is entitled to judgment in the amount of $1,700,815.60 plus interest at 12% per annum from November 22, 2024, to the date of judgment, with statutory post-judgment interest under 28 U.S.C. § 1961 to accrue from the date of judgment.

8

The Clerk of Court is respectfully directed to close Dkt. No. 1 and to close this case.

SO ORDERED.

Dated: March 4, 2025
      New York, New York

                                             LEWIS J. LIMAN
                                      United States District Judge